UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JAMES DUGAN, DAVID SANSONE, and all persons similarly situated,**

                                          **Plaintiffs,**

                    v.                                  5:10-CV-1151 (NAM/DEP)

**THE UPS HEALTH CARE PACKAGE, also known as THE UPS HEALTH CARE PACKAGE FOR RETIRED EMPLOYEES, also known as THE UPS HEALTH CARE PACKAGE FOR RETIREES; UNITED PARCEL SERVICE, INC.; and UNITED PARCEL SERVICE OF AMERICA, INC., Plan Administrator,**

                                          **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

BLITMAN & KING LLP
Donald D. Oliver, Esq., of counsel
Brian J. LaClair, Esq., of counsel
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Attorneys for Plaintiffs

PROSKAUER ROSE LLP
Myron D. Rumeld, Esq., of counsel
Russell L. Hirschhorn, Esq., of counsel
1585 Broadway
New York, New York 10036
Attorneys for Defendants

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## BACKGROUND

      This action is based on the Labor-Management Relations Act, 29 U.S.C. §§ 141-187, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1000-1461. The named

plaintiffs are retired employees of defendant United Parcel Service, Inc. ("UPS") who are or were participants in defendant UPS Health Care Package ("Plan"), an employee welfare plan under ERISA. During their employment at UPS, plaintiffs were members of Teamsters Local 317, a local union affiliated with the International Brotherhood of Teamsters.

On September 24, 2010, plaintiffs brought this action on behalf of themselves and all current and former Plan participants and beneficiaries who have been required to pay "additional contributions" to continue receiving health insurance coverage under the Plan. Plaintiffs contend that the requirement of additional contributions beginning on August 1, 2008 violates the National Master United Parcel Service Agreement between UPS and approximately 200 local unions, including Teamsters Local 317, and the Upstate/West New York Supplemental Agreement between UPS and eight local unions in upstate New York, including Teamsters Local 317. Both agreements are effective from December 19, 2007 through July 31, 2013.

On September 30, 2010, the Court signed a Stipulation and Order temporarily prohibiting defendants from terminating or reducing the health insurance coverage of any participant or beneficiary in the Plan for failure to pay the additional contributions. On October 25, 2010, the Court signed a Stipulation and Order noting that defendants had proposed a settlement and providing for interim administration of the Health Care Package and reinstatement of coverage to those who had previously withdrawn from the Plan or had been terminated for nonpayment of contributions.

On December 10, 2010, this Court signed an Amended Order preliminarily approving a class action settlement. The Court certified a Settlement Class, defined as: "All persons who were participants or beneficiaries in the UPS Health Care Package (a/k/a the UPS Health Care

Package for Retired Employees) at any time during the period August 1, 2008 through October 1, 2010." The Court found that the Settlement Class met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2), and appointed attorneys Donald D. Oliver and Brian J. LaClair as Class Counsel. The Court scheduled a Settlement Hearing for March 3, 2011 at 10:00 a.m. to determine the fairness, reasonableness and adequacy of the proposed Settlement Agreement pursuant to Rule 23(e). The Court approved the notice plan.

The December 10, 2010 Amended Order also provided that any member of the Settlement Class may appear at the Settlement Hearing and be heard regarding the fairness, reasonableness, and adequacy of the proposed settlement, provided that, by February 15, 2011, he or she filed a notice of intention to appear along with a statement and any supporting documentation. Although the Settlement Class includes more than 400 members, only one member filed a response. Edward Marcellus filed a letter dated February 15, 2011, questioning whether retirees are subsidizing coverage for UPS management, and stating that, if this were the case, the retirees' premiums should be refunded. In response, the parties stated that the class members are not subsidizing management employees, and submitted an affidavit from David S. Jensen, UPS Manager of Benefit Accounting, stating that none of the Plan participants are management employees.

On March 3, 2011, the Court held the Settlement Hearing. The parties appeared at the Settlement Hearing by their attorneys of record. James Dugan, a class representative, and Anthony Ori, a class member, were also present. They raised no objection to the settlement. Edward Marcellus did not appear, nor has he submitted any further communication to the Court.

**DISCUSSION**

There is a "strong judicial policy in favor of settlements, particularly in the class action context." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998). Because the proposed Settlement Agreement will bind all class members, the Court may approve it "only after a hearing and on finding that it is fair, reasonable and adequate." Fed.R.Civ.P. 23(e)(2). Such a finding must be premised on findings of both procedural and substantive fairness. *See McReynolds v. Richards-Cantave*, 588 F.3d 790, 803-04 (2d Cir. 2009).

The record demonstrates that the Settlement Agreement is procedurally fair. Negotiations were conducted at arms' length, *see id.* at 804, and involved not only the parties' attorneys, but high-ranking UPS and union representatives. Both sides were represented by excellent, highly experienced counsel. Plaintiffs' counsel communicated extensively with officers of the local unions and members of the Settlement Class. The Settlement Agreement does not include an award of attorneys' fees.

The record further demonstrates that the Settlement Agreement is substantively fair. No class member has objected to the terms of the Settlement Agreement.[1] The terms of the Settlement Agreement are very favorable for the class. Under the Settlement Agreement, class members are entitled to coverage under the Plan at a cost of $125 per month until December 31, 2014. If they had prevailed at trial, they would have been entitled to free coverage under the Plan, but only until July 31, 2013, the expiration date of the National Master United Parcel Service Agreement and the Upstate/West New York Supplemental Agreement. On that date,

---

[1] As noted, Mr. Marcellus did not appear at the Settlement Hearing, nor did he communicate with the Court after plaintiffs responded to his inquiry. Presumably, he was satisfied with the response. In any event, his inquiry was not an objection to the terms of the Settlement Agreement itself, and does not raise an issue that would militate against the Court's approval of the Settlement Agreement.

according to plaintiffs' counsel's undisputed statement, the cost would rise to over $11,000 per year, or more than $900 per month. Clearly, 18 additional months of coverage at $125 per month is a significant benefit to the class members. Among the additional benefits of the Settlement Agreement is the provision that as of January 1, 2015, Plan participants shall be provided medical coverage on the terms set forth in the National Master Agreement (the successor agreement to the National Master Agreement expiring August 1, 2013); thus the class will benefit from the enhanced bargaining power of a substantially larger group of local unions.

Balancing the "strength of the case for the plaintiffs on the merits, ... against the amount offered in settlement[,]" *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974), the Court observes that it is far from certain that plaintiffs would have prevailed at trial. According to the complaint, their claim that they are entitled to free coverage until July 31, 2013 depends on alleged verbal statements made by UPS's lead negotiator, James Maloney, to the local unions' lead negotiator, Ken Hall, during negotiations of several Supplemental Agreements in October 2007. Even if plaintiffs ultimately prevailed at trial, the class members may have been subjected to the payment of high premiums[2] and/or the loss of health insurance during the course of the litigation, possibly inflicting irreparable harm. Nor would the class members be adequately protected by continuation of the temporary injunction granted in the September 30, 2010 Stipulation and Order. That injunction, which prohibited defendant from terminating or reducing coverage for failure to pay the additional contributions, afforded no relief to those members whose coverage had previously been terminated. In contrast, the Court-ordered October 25, 2010

---

[2] For example, plaintiff James Dugan stated on September 14, 2010 that coverage for himself and his family cost $1859.29 per quarter, or $619.76 per month.

Stipulation, entered into in contemplation of settlement, reinstates coverage to those who had previously withdrawn from the Plan or had been terminated for nonpayment of contributions, thus providing immediate relief for such class members and their families.  Again, the absence of objections from class members strongly supports the conclusion that this is a favorable settlement for the class.  *See id*. at 463.  The Court concludes that the Settlement Agreement is fair, reasonable, and adequate in all respects and approves it in its entirety.

The Court confirms the December 10, 2010 Amended Order approving the class action treatment of the Settlement Class.  The Court finds that sufficient notice of the proposed settlement, the Settlement Hearing, and the rights of all members of the Settlement Class has been provided in accordance with the December 10, 2010 Order; that the notice meets all requirements of due process; and that all members of the Settlement Class are bound by the Order and Final Judgment entered herein.  The Court also determines that defendants have complied with the Class Action Fairness Act and its notice obligations.  *See* 28 U.S.C. § 1715.

## CONCLUSION

It is therefore

ORDERED that the Settlement Agreement is approved in its entirety; and it is further

ORDERED that counsel are directed to agree upon and submit for the Court's signature a proposed Order and Final Judgment.

IT IS SO ORDERED.

March 8, 2011
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge